IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| TENITA J. JONES and | ) | |
| QUINTIN GLENN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| VS. | ) | No. 06-1051-T/An |
| | ) | |
| THOMAS L. LEWIS; Individually and in his | ) | |
| official capacity as member and/or Chief | ) | |
| Manager of HOME BOYS, LLC and as agent | ) | |
| for HALTOM INVESTMENTS, LLC d/b/a | ) | |
| CENTURY 21 ACTION REALTY; | ) | |
| HALTOM INVESTMENTS, LLC d/b/a | ) | |
| CENTURY 21 ACTION REALTY; HOME | ) | |
| BOYS, LLC; ASSURED EQUITY, INC. | ) | |
| d/b/a ASSURED EQUITY MORTGAGE | ) | |
| COMPANY, LLC; ARGENT MORTGAGE | ) | |
| COMPANY, LLC; AMERIQUEST | ) | |
| MORTGAGE COMPANY, d/b/a AMC | ) | |
| MORTGAGE SERVICES, INC.; WELLS | ) | |
| FARGO BANK, NA d/b/a AMERICA'S | ) | |
| SERVICING COMPANY; AMERICA'S | ) | |
| SERVICING COMPANY; CONNIE G. | ) | |
| TURNER, individually and as Appraiser, | ) | |
| d/b/a TURNER APPRAISALS; NEISHA R. | ) | |
| CUPPLES, individually and as Agent of | ) | |
| ASSURED EQUITY MORTGAGE | ) | |
| COMPANY, LLC; DAVID H. HUEY, as | ) | |
| Agent of ASSURED EQUITY MORTGAGE | ) | |
| COMPANY, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER GRANTING MOTION TO STAY

Plaintiffs Tenita J. Jones and Quintin Glenn filed this action on March 7, 2006, against various individuals and entities, including Ameriquest Mortgage Company. Plaintiffs allege that

the defendants engaged in predatory lending practices and schemes in violation of both federal and state law.

On April 14, 2006, the Ameriquest defendants filed a motion to stay all further proceedings pending a decision by the Judicial Panel on Multidistrict Litigation ("MDL Panel") on whether this case should be transferred to the United States District Court for the Northern District of Illinois as a "tag-along" action in MDL Proceeding No. 1715, In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation.

The MDL Panel issued the first Transfer Order establishing MDL-1715 on December 13, 2005. In that order, the Panel stated:

> On the basis of the papers filed and hearing session held, the Panel finds that these five actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All five actions before the Panel concern allegedly predatory lending practices by Ameriquest Mortgage Co., or a related entity, in soliciting and closing residential mortgage transactions; among other things, plaintiffs allege that Ameriquest failed to disclose material terms and engaged in so-called bait-and-switch tactics. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, including those with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

Transfer Order, at 1-2 (J.P.M.L. Dec. 13, 2005).

The decision whether to grant a stay of a particular action is within the inherent power of the Court and is discretionary. See Landis v. North Am. Co., 299 U.S. 248, 254-55 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). A stay is appropriate in this case, as the MDL Panel has already determined that coordination under § 1407 is appropriate. In addition, on April 3, 2006, the MDL Panel issued a Conditional Transfer

Order transferring this action and eighteen others from various districts to MDL-1715. If no opposition is filed within fifteen days of that order, the Conditional Transfer Order will be transmitted to the Northern District of Illinois for filing.

The Court finds that having the pretrial issues decided in the MDL proceeding will best promote judicial economy and conserve judicial resources. In addition, the Court finds that any prejudice to the plaintiffs resulting from a stay would not be signficant. However, in the absence of a stay, the risk to the defendants of duplicative motions and discovery is substantial.

For the foregoing reasons, the motion to stay pending the MDL Panel's transfer decision is GRANTED.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE